# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2337V
Filed: May 7, 2025

| | |
|---|---|
| * * * * * * * * * * * * * * <br> RANDOLPH ISAAC SCHMITKE, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br><br> Respondent. <br> * * * * * * * * * * * * * * | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

*Nancy Meyers, Esq.*, Turning Point Litigation, Greensboro, NC, for petitioner.
*Dorian Hurley, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On December 28, 2021, Randolph Isaac Schmitke filed a petition for compensation under the National Vaccine Injury Compensation Program[2] alleging that he developed immune thrombocytopenia purpura ("ITP") as a result of the measles, mumps, and rubella ("MMR") vaccine he received on January 4, 2019. Petition, ECF No. 1. Petitioner now seeks an award of interim attorneys' fees and costs.

### I. Procedural History

The petitioner and corresponding medical records were filed on December 28, 2021. Petitioner's Exhibits ("Pet. Ex.") 1-4, ECF No. 1. Petitioner filed additional medical records on March 8, 2022, and May 27, 2022, along with a statement of completion. Pet. Ex. 5, ECF No. 7; Pet. Ex. 7, ECF Nos. 11-12.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On October 24, 2022, respondent filed his Rule 4(c) Report recommending against compensation. ECF No. 21. Thereafter, petitioner filed additional medical records on December 6, 2022, along with a status report stating that a settlement demand was provided to respondent. Pet. Ex. 8, ECF No. 22-23. Petitioner filed additional medical records and a statement of completion on January 31, 2023. Pet. Ex. 9-10, ECF No. 26-27. Respondent filed a status report on February 10, 2023, confirming that he reviewed petitioner's demand and was not amenable to informal resolution. ECF No. 28.

The case was reassigned to the undersigned on May 25, 2023, and the parties began exchanging expert reports. ECF Nos. 32, 34-35. Petitioner filed an expert report from Dr. Eric Gershwin on September 11, 2023, and filed corresponding literature on September 15, 2023. Pet. Ex. 11-20, ECF Nos. 36-37. Respondent then filed reports and medical literature from Dr. Michele Lambert and Dr. Hayley Gans on January 22, 2024. Respondent's Exhibits ("Resp. Ex.") A-D, ECF No. 40.

Petitioner filed a second report from Dr. Gershwin on March 19, 2024. Pet. Ex. 21-23, ECF Nos. 41-42. Respondent filed responsive reports from Drs. Lambert and Gans, as well as an additional expert report from Dr. William Hawse on June 13, 2024. Resp. Ex. E-H, ECF No. 44.

On September 18, 2024, petitioner filed a Motion for Interim Attorneys' Fees and Costs. Motion for Interim Fees, ECF No. 46. Petitioner requests a total of **$65,892.88,** representing $33,809.50 in attorneys' fees and $32,083.38 in costs. ECF No. 46-1 at 18. Respondent filed a response on October 2, 2024, deferring to the undersigned to determine whether the statutory requirements and legal standard for an award of interim attorneys' fees and costs were met. Response, ECF No. 48. Petitioner filed a reply on the same date, stating that he concurs with respondent's recommendation that the undersigned exercise her discretion to determine a reasonable award. Reply, ECF No. 49.

This matter is now ripe for determination.

## II. Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

2

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### III. Discussion

#### A. Availability of Interim Fees

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id.* at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id.* at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are warranted. This case has been pending for more than three years, which ordinarily "suffice[s] to constitute the type of 'circumstances' to warrant an interim fee award." *Woods*, 105 Fed. Cl. at 154; *see also, e.g.*, *Thompson v. Sec'y of Health & Human Servs.*, No. 12-475V, 2018 WL 1559799, at *1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018) ("[I]nterim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship in petitioner"); *Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2017 WL 5662780, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2017) (finding two-year proceeding constituted appropriate circumstances for interim fees). Petitioner has expended significant time and costs in litigating this matter thus far, and while the parties have been encouraged to discuss settlement, there has not yet been a resolution or otherwise a determination of entitlement. In sum, the circumstances of this case warrant an award of interim fees and costs so as not to impose economic hardship on petitioner.

#### B. Reasonable Hourly Rates

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees

3

to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following rates for the work of her counsel, Ms. Nancy Meyers: $400 per hour for work performed in 2020; $430 per hour for work performed in 2021; $460 for work performed in 2022; $490 per hour for work performed in 2023; and $530 for work performed in 2024. ECF No. 46-1 at 1. The requested rates are consistent with what counsel has been awarded previously, and the undersigned finds them reasonable herein. *See Greco v. Sec'y of Health & Human Servs.*, No. 20-1932V, 2024 WL 4930633 (Fed. Cl. Spec. Mstr. Nov. 6, 2024). Accordingly, the hourly rates are awarded as requested.

**C.      Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special

---

[3] The 2015-2024 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

4

Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that, generally, the billing entries adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. Accordingly, petitioner is awarded interim attorneys' fees of **$33,809.50.**

**D.     Reasonable Costs**

Petitioner requests a total of $32,083.38 in costs. ECF No. 46-1 at 17-18. The requested costs consist of securing medical records, postage, the Court's filing fee, and costs associated with petitioner's experts, Dr. Eric Gershwin and Dr. Abhimanyu Ghose. *Id*.

**1.   Dr. Eric Gershwin**

Petitioner requests a total of $21,500.00 for Dr. Gershwin. $16,500.00 of this amount represents 33 hours of work at a rate of $500.00 per hour. ECF No. 46-1 at 35-36, 38, 45. The remaining $5,000.00 represents a retainer paid to Dr. Gershwin before he began work on his second supplemental report. *Id*. at 51-53. However, this report was not filed until after the instant motion, and Dr. Gershwin's invoice detailing his work on the second supplemental report for which he received the retainer therefore was not included in the motion. Thus, payment of this $5,000.00 retainer will be deferred until a later date, when an invoice is available and Dr. Gershwin's billing can be evaluated.

The remaining $16,500.00 requested for Dr. Gershwin represents 33 hours of work at a rate of $500.00 per hour, during which time he authored two reports. ECF No. 46-1 at 35-36, 38, 45. This rate is consistent with what Dr. Gershwin has been previously awarded, and I find the time spent reasonable and well-documented. *See Jett-Crawford v. Sec'y of Health & Human Servs.*, No. 21-2157V, 2024 WL 5320023 (Fed. Cl. Spec. Mstr. Dec. 18, 2024). Dr. Gershwin is therefore awarded **$16,500.00.**

**2.   Dr. Abhimanyu Ghose**

Petitioner requests a total of $9,750.00 for Dr. Abhimanyu Ghose, representing 15 hours of work at a rate of $650.00 per hour. ECF No. 46-1 at 60. Dr. Ghose authored one report during this time. *Id*. While Dr. Ghose has previously been awarded fees in the Vaccine Program, his hourly rate has not specifically been addressed. *See Santiago v. Sec'y of Health & Human Servs.*, No. 21-1562V, 2024 WL 5321763 (Fed. Cl. Spec. Mstr. Dec. 18, 2024), *reconsideration denied*, No. 21-1562V, 2025 WL 442546 (Fed. Cl. Jan. 13, 2025); Guilliod v. Sec'y of Health & Human Servs., No. 21-2299V, 2024 WL 4930736 (Fed. Cl. Spec. Mstr. Nov. 5, 2024). Dr. Ghose's requested hourly rate appears high for the Vaccine Program, and petitioner did not provide any explanation in support of the requested rate. However, upon review of his report, I find that the full amount requested herein is reasonable and award it accordingly.[4]

---

[4] The undersigned does not make any finding regarding the reasonableness of Dr. Ghose's rate at this time.

3. **Total Reasonable Costs**

I have reviewed all the other requested costs, which are typical expenses associated with Vaccine Program cases, and find them reasonable and supported with adequate documentation. Accordingly, petitioner is awarded **$27,083.38** in costs.

### IV. Conclusion

Based on the foregoing, petitioner's Motion for Interim Attorneys' Fees and Costs is **GRANTED, in part.** Accordingly, I award a total of **$60,892.88,** representing $33,809.50 in attorneys' fees and $27,083.38 in costs, **to be paid through an ACH deposit to petitioner's counsel Nancy Meyers's IOLTA account for prompt disbursement.** The clerk shall enter judgment accordingly.[5]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.